THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL GREGG and LAMBERT A. CADDICK, Appellants, v. THE BOARD OF CANVASSERS OF RENSSELAER COUNTY, Respondents.

*Election* — mandamus *to compel a board of county canvassers not to include in its canvass the vote of a certain district* — 1880, *chap.* 460.

On an application for a writ of *mandamus* to compel the defendant, the Board of Canvassers of Rensselaer county, to omit from its canvass the result of the election, held on November fifth, in the sixth district of the city of Troy, the affidavits submitted upon the application tended to show that the senatorial box

596 PEOPLE ex rel. GREGG v. BOARD OF CANVASSERS.

Third Department, December Term, 1889.

was feloniously abstracted before the votes deposited therein were canvassed, and that another box containing senatorial ballots was substituted in its place, and that the district canvassers actually canvassed the ballots thus feloniously substituted.

The returns for the election district were duly made and signed by the inspectors, and were filed in the proper office, and were before the board of county canvassers. No other returns existed; and it did not appear to be possible to make any other under any authority given by the statute.

Upon an appeal from an order denying the relator's application:

*Held,* that the presumption was that the returns were true:

That if there were two returns, one of the ballots in the false box and the other of the ballots in the true box, and the county canvassers had determined to canvass the false instead of the true, the court might correct such an error.

*People ex rel. Russell* v. *Canvassers of Albany County* (20 Abb. N. C., 23) followed.

The difference between giving effect to the true vote of a district and suppressing the vote altogether, considered.

That chapter 460 of the Laws of 1880, authorizing the court to correct by *mandamus* the determination of the board of county canvassers, did not confer upon it the authority to institute and conduct such an investigation as ought to precede and justify an order which would nullify the return of the vote of the district.

APPEAL by the relators from an order made at a Special Term held in Rensselaer county, denying a motion for a writ of *mandamus* to compel the defendant to omit from its canvass of the result of the election held on November 5, 1889, the statement of votes that appeared upon the paper filed in the Rensselaer county clerk's office that purports to be a "return" or statement of votes cast at the said election in the sixth ward election district of the city of Troy.

The order which was entered in the Rensselaer county clerk's office November 21, 1889, recited that the motion was denied on the sole ground that the court had not the power to grant the relief asked for.

*G. B. Wellington,* for the appellants.

*R. A. Parmenter,* for the respondents.

LANDON, J.:

Chapter 460 of the Laws of 1880 extends the authority of the Supreme Court by *mandamus* to the correction of errors in the determination of boards of county canvassers. The single question presented to us under this act is whether the county canvassers have made any error in their determination respecting the returns from

the election district composed of the sixth ward of the city of Troy. The returns for the election district were duly made and signed by the inspectors and were filed in the proper office and are now before the board of county canvassers. The presumption is that they are true. Some informalities are alleged, but these do not call for the suppression of the returns. No other returns exist, and it does not appear to be possible to make any other under any authority given by statute.

The real difficulty is not in the determination of the board of county canvassers, but in an alleged .criminal imposition practiced upon the board of inspectors of the election district. The affidavits submitted tend to show that the senatorial box was feloniously abstracted before the votes deposited therein were canvassed, and that another box containing senatorial ballots was substituted in its place, and that the district canvassers actually canvassed the ballots thus feloniously substituted. If there were two returns, one of the false box and one of the true, and the county canvassers had determined to canvass the false instead of the true, the court might correct such an error. (*People ex rel. Russell* v. *Canvassers of Albany County*, 20 Abb. N. C., 23.) The difference between giving effect to the true vote of the district and suppressing it altogether is great. To suppress the vote may or may not correct the alleged error, even if the crime alleged to have been perpetrated upon the electors of the district can be called an error of the county canvassers, or the cause of one. It is probable that it would be the substitution of one error for another.

It is obvious that the act of 1880, authorizing the court to correct the errors in the determination of the board of county canvassers, does not confer upon it the authority to institute and conduct the investigation which it seems to us ought to precede and justify an order which will nullify the return of the vote of the district. The proper investigation into the alleged crime may be made by other authority, and if the crime be found, the true vote may be ascertained in a case involving the election of a senator.

The order appealed from must be affirmed.

